12-2213-cv
Berlin v. Renaissance Rental Partners, LLC

# UNITED STATES COURT OF APPEALS

## FOR THE SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fourteen.

PRESENT: ROBERT A. KATZMANN,
                          <u>Chief Judge</u>,
        DENNIS JACOBS,
        JOSÉ A. CABRANES,
        ROSEMARY S. POOLER,
        REENA RAGGI,
        RICHARD C. WESLEY,
        PETER W. HALL,
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
        SUSAN L. CARNEY,
        CHRISTOPHER F. DRONEY,
                        <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - -x

BRUCE BERLIN, NANCY BERLIN,

    <u>Plaintiffs-Appellees</u>,

       - v.-                              12-2213

RENAISSANCE RENTAL PARTNERS, LLC, D/B/A
RENAISSANCE CONDOMINIUM PARTNERS II, LOUIS
R. CAPPELLI,

    <u>Defendants-Appellants</u>,

**DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP,**

**Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - -x

| For Plaintiffs-Appellees: | Lawrence C. Weiner, Wilentz, Goldman & Spitzer, P.A., Woodbridge, NJ. |
|---|---|
| For Defendants-Appellants: | Robert Hermann, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY. |
| For Amicus Curiae Real Estate Board of New York, Inc.: | Richard H. Dolan, Schlam Stone & Dolan LLP, New York, NY. |
| For Amicus Curiae Consumer Financial Protection Bureau: | Nandan M. Joshi, Meredith Fuchs, To-Quyen Truong, David Gossett, Consumer Financial Protection Bureau, Washington, DC. |

## ORDER

Following disposition of this appeal on May 6, 2013, an active judge of the Court requested a poll on whether to rehear the case en banc.  A poll having been conducted and there being no majority favoring en banc review, rehearing en banc is hereby **DENIED**.

Dennis Jacobs, Circuit Judge, joined by Richard C. Wesley, Circuit Judge, dissents by opinion from the denial of rehearing en banc.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

DENNIS JACOBS, Circuit Judge, joined by RICHARD C. WESLEY, Circuit Judge, dissenting from the denial of in banc review:

The statutory word "lot" in the Interstate Land Sales Full Disclosure Act ("Land Sales Act") is defined by regulation to mean "exclusive use of a specific portion of the land." 12 C.F.R. § 1010.1(b). The Department of Housing and Urban Development ("HUD"), which promulgated the regulation, and the Consumer Financial Protection Bureau ("CFPB"), HUD's successor in this respect, claim Auer deference in aid of their project to transmute the regulation's wording to mean "any interest in real estate," or "realty." See Auer v. Robbins, 519 U.S. 452, 461 (1997). In that way, HUD has created its jurisdiction to regulate the sale of individual high-rise condominium apartments, which obviously *share* the "use of . . . land" rather than "exclusive[ly] use" it. 12 C.F.R. § 1010.1(b).

I would sit in banc to consider whether the agency's interpretation of its own regulation is reasonable and, since I think it is not, I would withhold Auer deference. But whether or not the agency's reading of its own regulation is reasonable, the majority opinion rests upon Auer deference in a way that illustrates how the doctrine can conflate (i) an agency's explanation of its text in light of its expertise with (ii) the agency's expansion of its power to suit its ambition.

The majority opinion neatly sets out "[t]he only merits dispute on issue in this appeal": "whether a single floor condominium in a multi-story building 'includes the right to the exclusive use of a specific portion of *the land*,' 12 C.F.R. § 1010.1(b) (emphasis supplied)," and thereby qualifies as a "lot" within the meaning of the Land Sales Act.  Berlin v. Renaissance Rental Partners, LLC, 723 F.3d 119, 124 (2d Cir. 2013).  The word "land" is held to be ambiguous (which is itself remarkable) and is subjected to a sequence of mutations from statute to regulation to guidance letter and amicus submission, so that (as I demonstrate in my dissent) it loses any fixed meaning whatsoever.  See id. at 131.  The agency's claimed jurisdiction morphs from "lots" to "land" to seemingly any conceivable real estate interest.

How this works can be demonstrated step-by-step through direct quotations (with my emphasis added) from the majority opinion and the CFPB's amicus filing on which the opinion relies:

- "The question presented in this appeal is whether a single-floor condominium unit in a multi-story building is a '*lot*,' thus triggering ILSA's protections."  Id. at 121.

- "The [CFPB] and [HUD] . . . have defined the term 'lot' to mean 'any portion, piece, division, unit, or undivided interest in land located in

any state or foreign country, if the interest includes the right to the *exclusive use of* a specific portion of the *land.*' 12 C.F.R. § 1010.1(b)." Id.

- "[T]he CFPB and HUD have interpreted the phrase 'exclusive use of . . . land' to mean exclusive use of *realty*, see, e.g., CFPB Letter Br. at 6, thus concluding that the statutory term 'lot' applies to condominiums." Id.

- "The CFPB . . . letter brief . . . explain[ed], in part: 'HUD explained when it promulgated the definition of "lot" in 1973 that "condominiums carry the indicia of and in fact are *real estate*." 1973 Rule, 38 Fed. Reg. at 23866. Accordingly, "the proper focus regarding the analysis of whether a unit has exclusive rights to the use of land . . . is whether the purchase of the unit gave the purchasers the exclusive right to a *unit*, or *any type of 'realty*.'" [Dist. Ct. Op. at 10.]'" Id. at 123.

- "We hold that the CFPB and HUD have reasonably interpreted their own definition of the term 'lot.'" Id. at 122. "Inasmuch as 'land' is sometimes used as a term of art referring to 'real estate,' the CFPB and HUD have reasonably concluded that their own definition of

3

'lot' applies to a condominium unit in a multi-floor building." Id. at 125.

- "We conclude that the interpretation by the CFPB and HUD of their own regulation is reasonable and therefore warrants deference." Id. "In other words, a right to *exclusive use of a condominium unit* is a right to *exclusive use of real estate*, and therefore a condominium unit . . . in a multi-story building . . . is a 'lot' within the meaning of ILSA." Id. at 126.

This heavy lifting allows the word "land" to mean anything on earth (literally) that HUD wants to regulate.

One potential reason to forgo in banc review is that Congress is at work reining in HUD's pretension to regulate high-rise condominiums as "lots of land" (although a statutory amendment would be of no help to the seller in this case). A House bill, passed September 26, 2013, would amend the Land Sales Act to say that the Act's registration and disclosure requirements "shall not apply to . . . the sale or lease of a condominium unit . . . ." H.R. 2600, 113th Cong. (2013). (The Senate has not yet voted on the bill.) But it seems to me that we need to better understand the scope of Auer deference, even if it may transpire that this specific act of overreaching is eventually checked by Congress.

4

Some measure of discipline is needed to keep an agency from commanding *any* level of deference when the agency creates the very jurisdiction it claims to occupy.  An agency is not like the busy spider, which can stand upon its own spun web.